IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ERIC COLEMAN,

        Plaintiff,

v.

REBECCA LOWMAN; VICKIE CHESSER;
Ms. FERRA; Dr. FERRELL; RYAN
HODGES; RANDALL HOLDEN, and
CARL HUMPHREY,

        Defendants.

CIVIL ACTION NO.:CV506-046

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Bostick State Prison in Hardwick, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while incarcerated at Ware State Prison. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that he first went to the medical unit suffering from pain in his right foot. This first meeting was with Defendant Chesser. Defendant Chesser allegedly diagnosed Plaintiff with a foot fungus and gave him ointments to put on the foot. Plaintiff contends that the condition worsened and that he again went to the medical unit. This time Plaintiff avers that he saw Defendant Lowan who referred him to Defendant Ferra. Plaintiff asserts that Defendant Ferra instructed Plaintiff to keep the foot dry. The condition worsened still and another appointment was made. Allegedly, at this appointment, Plaintiff received pain medication and was admitted to the infirmary. Plaintiff contends that he took all the pain medication within a week and that no more was prescribed for him. Defendant Ferra also discharged him from the infirmary even though the condition of his foot had not improved. Defendant Doctor Ferrell also refused to prescribe pain medication, however

he continued to attempt to treat the foot. Plaintiff contends that it was a month after his first visit that he was prescribed a soft shoe profile for his foot to help alleviate that pain. Plaintiff filed a grievance after this meeting stating that the treatment he was receiving was negligent and accused the staff of canceling his medical appointments. Plaintiff asserts that this grievance and other grievances filed during the ordeal were neglected and that no action was taken to correct the alleged violations. Plaintiff contends that he called his sister, who is a registered nurse, and told her of the situation. She allegedly wrote to Defendants Holden, Hodges, and Humphrey, as well as elected officials in the State government. Plaintiff then claims that while on the phone with his sister, she was able to diagnose the condition as being a result of poor circulation to the foot. Plaintiff avers that he saw the medical personnel a total of fourteen times, during which time his foot condition continually worsened, before Defendant Ferrell diagnosed the circulation problem and sent Plaintiff to Georgia Medical Prison. Plaintiff eventually was sent to the Medical College of Georgia where his leg was amputated below the knee.

  Plaintiff returned to Ware State Prison after recovering from the surgery. Plaintiff contends that Defendants Hodges, Holden, and Humphrey were all aware of his new condition, yet placed him in general population dormitories that lacked handicap facilities. Plaintiff was told that he did not qualify under the Americans with Disabilities Act as a disabled person. Plaintiff asserts that he filed multiple grievances contesting his living conditions. These grievances never came to fruition because Defendant Holden allegedly transferred Plaintiff to Bostick State Prison before the formal grievance procedure was completed. Plaintiff contends that Defendant Holden did so out of retaliation. Plaintiff

AO 72A
(Rev. 8/82)

asserts that putting him at Bostick State Prison makes it nearly impossible for his family to visit him.

Plaintiff attempts to set forth a violation of the Eighth Amendment due to the Defendants deliberate indifference to his medical needs. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). Plaintiff, however, does not set forth facts showing that Defendants Lowman, Chesser, Ferra, or Ferrell intentionally delayed access to medical care, rather, Plaintiff is alleging negligence or malpractice by the Defendants. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. Harris v Thigpen, 941 F2d. 1495, 1505 (11th Cir. 1991). The Court is sympathetic to Plaintiff's claims against Defendants Lowman, Chesser, Ferra, and Ferrell; however, Plaintiff has a forum for these claims to be heard within the state court system.

Plaintiff also puts forth a claim of deliberate indifference to his safety by Defendants Holden, Hodges, and Humphrey. Plaintiff asserts that their failure to take corrective measures to ensure that he received competent medical treatment is a violation of the Eighth Amendment. In order to state a section 1983 cause of action against prison officials in this regard, however, a plaintiff must allege at least some degree of conscious or callous indifference on the part of officials. Id. (citing Williams v. Bennett, 689 F.2d 1370, 1380

4

(11th Cir. 1982)). Only where there is "a strong likelihood, rather than a mere possibility[,]" of a known risk of injury does a correctional officer's failure to act amount to deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989)). Plaintiff makes no allegation that Defendants Holden, Hodges, or Humphrey knew of the severity of his condition, rather it appears that the non-medical defendants deferred their judgement on the matter to those with medical training.

Plaintiff attempts to set forth a claim against Defendant Humphrey for violation of the Americans with Disabilities Act by not installing rails to make the shower handicap accessible. Plaintiff seems to name Defendant Humphrey based solely on his supervisory position. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

Based on the foregoing, it is my recommendation that all of Plaintiff's claims against Defendants Rebecca Lowman, Vickie Chesser, Ms. Ferra, Dr. Ferrell, Ryan Hodges, and Carl Humphrey be **DISMISSED**. Additionally, Plaintiff's claim of deliberate indifference to a serious medical need against Defendant Randall Holden should also be **DISMISSED**.

The Plaintiff's remaining claims against Defendant Holden are addressed in an **ORDER** of even date.

So **REPORTED** and **RECOMMENDED**, this 8th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)