IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ERIC COLEMAN,

    Plaintiff,

v.                                   CIVIL ACTION NO.:CV506-046

RANDALL HOLDEN,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Bostick State Prison in Hardwick, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Ware State Prison. Plaintiff's original Complaint was filed on June 29, 2006, alleging violations of the First and Eighth Amendments and of the Americans with Disabilities Act ("ADA"). By Order dated October 13, 2006, the Court dismissed Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Lowman, Chesser, Ferra, Ferrell, Hodges, Humphrey and Holden, finding no allegations upon which relief could be granted. The Court also dismissed Plaintiff's ADA claim against Defendant Humphrey, finding that Plaintiff sought to impose liability based solely upon a theory of respondeat superior. Plaintiff has now filed a Motion to Amend his Complaint and a Motion to Vacate the Court's October 13, 2006 Order, and Defendant has filed a Response.

AO 72A
(Rev. 8/82)

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988). 28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

A.  **Plaintiff's Non-Cognizable Claims**

The allegations of Plaintiff's proposed Amended Complaint are largely similar to those set forth in his original Complaint. Plaintiff's general allegations against Defendants Lowman, Chesser, Ferra, and Ferrell were summarized by the August 8, 2006 Report and Recommendation. (Doc. No. 9). For the same reasons stated therein, Plaintiff's claims against these Defendants remain non-cognizable.

Plaintiff's Amended Complaint specifically takes issue with Defendants not having ordered certain diagnostic testing of his foot, relying instead on visual examinations to make their respective diagnoses. It is clear, however, that "a plaintiff cannot establish deliberate indifference simply by second guessing the conclusions reached by a prison medical official in the exercise of his medical judgment." Bismark v. Fisher, 2007 WL 81754, *3 (11th Cir. 2007). "Indeed, 'the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.' " Id. (quoting Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir.1995) (citation omitted)). Plaintiff's allegations against Defendants Ferra, Chesser, Lowman, and Ferrell amount to nothing more than a difference of opinion as to his treatment. Such allegations are not cognizable under § 1983. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion between prison medical officials and an inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment). From Plaintiff's version of the facts, it appears that these Defendants saw Plaintiff regularly and treated him with medications for the ailments with

which he was diagnosed. At most, Plaintiff alleges that these Defendants were negligent in diagnosing the severity of his foot condition. However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris, 941 F.2d at 1505.

Plaintiff's claims as to the adequacy of his housing against Defendants Humphrey and Holden were likewise summarized in the August 8, 2006 Report and Recommendation. Regarding Defendant Humphrey, Plaintiff now alleges that he complained personally to Humphrey that additional safety precautions were needed to facilitate his access to the housing and shower areas following amputation of his leg. Plaintiff contends that Defendant Humphrey, along with Defendant Holden, refused to accommodate his needs in violation of the Americans with Disabilities Act ("ADA"). The Eleventh Circuit has made clear that there is no individual liability under the ADA, Mason v. Stallings, 82 F.3d 1007 (11th Cir. 1996), and thus Plaintiff's only remaining avenue of relief would be to seek an injunction against Humphrey and Holden in their official capacities. However, since Plaintiff has since been transferred to a facility where his needs are apparently being met, he has failed to state any claim for which injunctive relief could be granted pursuant to the ADA. Indeed, in a responsive pleading filed simultaneously with his Amended Complaint, Plaintiff appears to have abandoned his ADA claims. (Doc. No. 24, p. 4). Finally, Plaintiff still fails to state any claim of deliberate indifference to serious medical needs against either Humphrey or Holden, as he himself describes his alleged injuries resulting from a lack of adequate facilities as "minor." (Doc. No. 23, p. 22).

Accordingly, Plaintiff's Amended Complaint fails to state any additional cognizable claims against Defendants Lowman, Chesser, Ferra, Ferrell, Holden, or Humphrey.  Plaintiff's remaining claim against Defendant Hodges is addressed in an Order of even date.

### B.   Plaintiff's Request to Join State Law Claims

In his Amended Complaint, Plaintiff requests that this Court exercise supplemental jurisdiction over his state law tort claims pursuant to 28 U.S.C. § 1367. Plaintiff appears to assert that he has state law negligence claims against Defendants Lowman, Chesser, Ferra, Ferrell, Hodges, and Holden, and that because these claims arose out of the same set of facts as his federal claim, the Court should exercise its supplemental jurisdiction.  (Doc. No. 23, pp. 1-2).

"[I]n any civil action of which the district courts have original jurisdiction, [they also] have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a). The district court has the *power* to exercise supplemental jurisdiction over state law claims where it has jurisdiction over a plaintiff's federal claim and the federal and state claims "arise out of the same nucleus of operative facts and are of such a nature that a plaintiff would be expected to try them all in the same proceedings." Roper v. Edwards, 815 F.2d 1474, 1477 (11th Cir.1987).  Once a court determines it has the power to exercise this jurisdiction, it must decide whether to exercise such power.  "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966).  In Gibbs, the

Supreme Court enumerated four factors that a district court should consider in exercising discretionary pendent jurisdiction: judicial economy; convenience; fairness; and comity. 383 U.S. at 726-27, 86 S. Ct. at 1139.[1]

Assuming the Court has the power to exercise jurisdiction here, it should decline to do so. Federal courts are courts of limited jurisdiction, Aldinger, 427 U.S. at 1, 96 S. Ct. at 2413, and the Eleventh Circuit has described pendent party jurisdiction as "tenuous," Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982). Comity concerns weigh against exercising jurisdiction, because Georgia's state courts have a greater concern with enforcing and interpreting state law than does a federal court. It is also probable that joinder of the state law claims would interfere with the disposition of Plaintiff's federal civil rights claim. Considerations of judicial economy and fairness do not justify the exercise of jurisdiction either, as it does not appear that separate state and federal proceedings of Plaintiff's claims would be in any way duplicative. For these reasons, Plaintiff's request that his state law claims be heard by this Court should be denied.

---

[1] In Gibbs, the Supreme Court set forth the requirements of pendent claim jurisdiction, where a state claim is asserted against a defendant who also has a federal claim pending against him. This is distinguished from pendent party jurisdiction, addressed by the Supreme Court in Aldinger v. Howard, 427 U.S. 1, 96 S. Ct. 2413, 49 L. Ed. 2d 276 (1976), where a party is brought before the court because the claim raised against it is related to federal claims brought against other defendants. Regardless of this distinction, a court must in either case satisfy itself that Article III allows for the exercise of jurisdiction over the state law claims and decide whether, in its discretion, to exercise that jurisdiction.

AO 72A
(Rev. 8/82)

6

## CONCLUSION

For the reasons discussed, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Lowman, Chesser, Ferra, and Ferrell, and his deliberate indifference and ADA claims against Holden, and Humphreys, be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's request for supplemental jurisdiction over his state law claims be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE